251 So.2d 463 (1971)
Samuel L. WOMACK et al.
v.
TRAVELERS INSURANCE CO. et al.
No. 8407.
Court of Appeal of Louisiana, First Circuit.
June 30, 1971.
Rehearing Denied September 2, 1971.
Victor A. Sachse, Henry D. Salassi, Jr., and James E. Toups, Jr., of Breazeale, Sachse & Wilson, Baton Rouge, for appellants.
Edward W. Gray, of Percy, Macmurdo, Gray & Eaton, Baton Rouge, for appellees.
Before LANDRY, ELLIS, and BLANCHE, JJ.
ELLIS, Judge.
This case arises out of an explosion and fire which destroyed the home of Samuel L. Womack, and which resulted in the death of Mr. Womack, and serious personal injuries to his wife. The accident happened when a gasoline pipeline was ruptured *464 by the blade of a bulldozer, which was engaged in road construction adjacent to the Womack property. Among the defendants herein are Craig, Laird, Pierson and Fornet, Inc., the engineering firm which prepared the plans and specifications for the road construction project, and Hartford Accident and Indemnity Company, its insurer.
Hartford filed a motion for summary judgment, alleging that it had no liability under its policy. The motion was supported by various admissions of fact and affidavits. From a judgment sustaining the motion, and dismissing their suit as to Hartford, plaintiffs have appealed.
The Hartford policy contains the following exclusion:
"It is agreed that the insurance does not apply to bodily injury or property damage arising out of any professional services performed by or for the named insured, including
"1. the preparations or approval of maps, plans, opinions, reports, surveys, designs or specifications, and
"2. supervisory, inspection or engineering services."
The contract for professional services between the engineering firm and the Parish of East Baton Rouge shows that the engineers were retained to prepare preliminary plans and contract plans and specifications for the improvement of Joor Road, including the section adjacent to the Womack property.
More specifically, in the preparation of the preliminary plans, the engineers are required to show thereon the location of all existing utilities, and to "transmit prints to the various utility companies for verification and for the location of any additional utilities and other required information."
The location of the pipeline is shown on the profile of the road, but its depth is not shown on the cross-section. The engineers did not send any plans or prints to the appropriate utility, Plantation Pipeline Company, for verification of the location, nor did they in any other way attempt to locate the depth of the pipeline relative to the ground level.
All of the foregoing facts are undisputed. Plaintiffs concede that Hartford's policy does not insure against liability arising out of professional malpractice, but claim that the negligent acts complained of were administrative, rather than professional in character, and therefore covered by the policy. They rely on the case of Grant v. Touro Infirmary, 254 La. 204, 223 So.2d 148 (1969), which distinguished between professional and administrative duties of various personnel engaged in performing or assisting in abdominal surgery. The court in that case found that the nurse, whose responsibility it was to count the sponges placed in and removed from the incision in the patient, was engaged in administrative duties, since it took no particular skill to count sponges. The court therefore held the hospital's general liability insurer liable for her negligence in failing to make a proper count, despite an exclusion in its policy of liability for professional services.
Plaintiffs claim that sending the prints to Plantation and showing the location of the pipeline on the plans are acts administrative and not professional in character, and therefore not covered by the above exclusion. They claim that the above is a fact to be determined after hearing all of the evidence in the case, and not an appropriate subject for summary judgment.
The contention is without merit. Even if it be assumed that the engineers are negligent for failing to include such information on the plans, it cannot be disputed that the inclusion thereof thereon is a step in the preparation of the plans, and preparation of plans is specifically excluded from the coverage of the policy.
The judgment appealed from is affirmed, at plaintiffs' cost.
Affirmed.